OPINION
{¶ 1} Defendant-appellant, Timothy M. Alltop, appeals his conviction in Fayette County Court of Common Pleas for the crime of retaliation.
 {¶ 2} Appellant was charged with the felony offense of retaliation after he was accused of threatening a man after the man ("victim") testified as a state's witness in appellant's criminal trial. Appellant reportedly stood outside the fast food restaurant where the victim worked and called the victim to come outside to fight. A jury found appellant guilty, and appellant was sentenced to prison. Appellant presents one assignment of error in this appeal.
 {¶ 3} Assignment of Error:
 {¶ 4} "APPELLANT'S CONVICTION FOR RETALIATION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175; see, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 6} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at ¶ 42, quotingState v. Marti, at 175. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 7} The statute dealing with the offense of retaliation, states, in pertinent part, that "[n]o person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a * * * witness who was involved in a civil or criminal action or proceeding because the * * * witness discharged the duties of the * * * witness." R.C. 2921.05(A).
 {¶ 8} Appellant specifically argues that the weight of the evidence did not support the jury's finding that appellant's conduct at the victim's workplace was connected to the fact that the victim testified against appellant in a trial earlier that day.
 {¶ 9} At trial, the victim and three other individuals who worked at the fast food restaurant testified about the encounter with appellant. The victim testified that he appeared as a witness and gave testimony in appellant's trial on the morning of April 5, 2005. The victim indicated that he worked that afternoon and evening at the restaurant. Shortly after the restaurant closed around 9:30 p.m., appellant appeared outside of the restaurant and drive through window area and asked to see the victim. One of the employees testified that appellant, at one point, pounded on the window.
 {¶ 10} Testimony was presented that appellant was "cussing and raving," that appellant indicated that he wanted to fight the victim, that appellant showed his fist, took off his shirt, slapped his chest, and said if the victim came outside his "butt was hit." The victim testified that he did not go outside and called the police instead. The victim and two of the other employees identified appellant as the man standing outside that night threatening to fight the victim.
 {¶ 11} Appellant presented two witnesses who testified that appellant was drinking and playing cards with others that night. Appellant's apartment neighbor indicated that appellant was out of his sight for only ten-minute increments the entire evening. Appellant's girlfriend testified that she and appellant left the courthouse after appellant's acquittal and drove to the liquor store. She testified that they returned home to party and did not leave the apartment the rest of the night.
 {¶ 12} After reviewing the evidence under the applicable manifest weight standard, we find that the jury did not lose its way and create such a manifest miscarriage of justice that the conviction must be reversed. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, 231; State v. Antill (1964),176 Ohio St. 61, 67 (jury may believe or disbelieve any witness or accept part of what a witness says and reject the rest).
 {¶ 13} We disagree with appellant's argument that his cited case requires a different result. Appellant appeared at the victim's workplace shortly after the business closed and within hours of leaving the courthouse and the trial in which the victim testified. Appellant's neighbor testified that appellant was "awful hot" about going to court and the "dumb" charges against him. Appellant did not apparently have another reason to be in contact with the victim, as opposed to the Pickens case where the accused and victim had a previous relationship and the accused's daughter was living with the victim at the time. SeeState v. Pickens, Marion App. No. 9-04-28, 2005-Ohio-328.
 {¶ 14} The jury did not err in finding a sufficient nexus between appellant's conduct toward the victim and the victim's testimony at a trial the same day. See, e.g., State v. Nash
(April 3, 2000), Stark App. No. 1999CA00295. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Walsh and Bressler, JJ., concur.